UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EMILY FORSYTHE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:20-cv-10002 |
| WAYFAIR, LLC | ) ) | |
| Defendant. | ) ) ) | |

## STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

To adequately protect material entitled to be kept confidential, the parties in the above-captioned matter, by and through their respective counsel, and pursuant Rule 26(c) of the Federal Rules of Civil Procedure, hereby stipulate and agree to the terms of this Stipulated Confidentiality Protective Order as follows:

1.      **Scope.** This Stipulated Confidentiality Protective Order ("Order") shall apply to information, testimony, documents, and things provided by the parties in the above-captioned matter that contain proprietary, personal, or confidential information that is not generally disclosed to the public by the parties and any other information that is required by law or agreement to be kept confidential.

2.      **Non-Disclosure of Confidential Documents.**  No confidential document may be disclosed to any person except as provided in Paragraph 3 below.  A "confidential document" means any document that bears the legend "CONFIDENTIAL."  In the event that a party inadvertently fails to designate a document as confidential, and the party reasonably and in good faith believes that it should be so designated, the party may subsequently make such a

1

designation by notifying the recipient's counsel in writing as soon as practicable. After receipt of such notification, the recipient will treat the information as if it had been designated confidential at the time the information was produced. The parties agree that either party may designate appropriate documents prior to the Court's entry of this Order.

3. **Permissible Disclosures.** Documents and information stamped "CONFIDENTIAL" may be disclosed to: (i) counsel for the parties in this action who are actively engaged in the conduct of this litigation, including counsel's legal and clerical assistants; (ii) a party, or an officer, director, or employee of a corporate party deemed necessary by counsel for that party to aid in the prosecution, defense, or settlement of this action; (iii) any person designated by the Court; (iv) persons sitting for depositions or appearing as trial witnesses; (v) court reporters employed in this action; (vi) outside consultants or experts retained for the purpose of assisting counsel in the litigation; and (vii) any other person as to whom the parties in writing agree, provided, however, that persons identified in subparts (vi) and (vii) shall sign the form appended as Exhibit A prior to the disclosure of any confidential documents to such person.

4. **Dispute Regarding Classification.** In the event that a party objects to the designation of any document or documents as confidential by the other party, the objecting party shall provide notification of the objection to counsel for the party asserting confidentiality and may seek a Court order. Any document(s) that are stamped confidential and subject to challenge shall be treated as subject to the protections of this stipulation until the Court orders otherwise.

5. **Designation of Transcripts.** When confidential information is incorporated into a transcript of a deposition, hearing, trial or other proceeding, including exhibits, the designating party shall, with the cooperation of all other parties, make arrangements with the reporter during the course of such deposition or other proceeding to label such transcript, portions thereof and/or

2

exhibits as "CONFIDENTIAL." In the alternative, a party may designate, in writing, such transcripts, portions thereof and/or exhibits as "CONFIDENTIAL" after receipt by the designating party of the original or a copy thereof.

6.     **Use of Confidential Information.** Persons obtaining access to confidential documents or information under this Order shall use the information only for preparation and trial of this litigation (including during discovery, motion practice, mediation, appeals and retrials), and shall not use such information for any other purpose, including but not limited to use in business, governmental, commercial, administrative, or judicial proceedings or transactions other than the present action.

7.     **Confidential Information at Trial.** Subject to the Federal Rules of Civil Procedure, stamped confidential documents and other confidential information may be used as chalks and offered into evidence at trial or any court hearing. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosures. The Court then will determine whether the proffered document, information and/or evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

8.     **Filing of Confidential Information.** To the extent that any party seeks to file documents or information subject to this stipulation with the Court, the filing party may either (a) file a motion for leave to file the information under seal pursuant to Local Rule 7.2 prior to submitting such material to the court, or (b) seek and obtain the producing party's consent to file such information without such protections. Any documents filed under seal shall remain sealed while in the office of the Clerk so long as they retain their status as confidential documents, in accordance with the governing Local Rule.

3

9.    **Non-termination.** The provisions of this Order shall not terminate at the conclusion of this action.  Upon completion of this litigation, the receiving party shall, upon request by the producing party, return or destroy all Confidential material.

10.    **No Waiver.** The inadvertent, unintentional, or in camera disclosure of confidential documents and information shall not be deemed a waiver of the producing party's claims of confidentiality.  If a party inadvertently or unintentionally produces any confidential document or information without marking or designating it as such, the party may, promptly upon discovery, furnish a substitute copy properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such information is deemed confidential and should be treated as such in accordance with the provisions of this Order.  Each person receiving such a notice must treat the inadvertently produced, confidential information as confidential.  If the inadvertently produced, confidential information has been disclosed prior to the receipt of such notice, the party that made the disclosure shall notify the party providing notice of inadvertent disclosure as soon as practicable.

11.    **Production of Privileged Material.** The parties agree that the production of communications, documents or information protected by the attorney-client privilege, work product doctrine, or any other privilege or protection from disclosure ("Privileged Material"), whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  If the receiving party receives documents, ESI or other forms of information from the producing party that, upon inspection or review, potentially and reasonably appears to contain Privileged Material, the receiving party shall immediately stop review of such information and promptly return, delete, or destroy all copies of the Privileged Material.  Upon written notification from the producing party to the receiving

4

party identifying Privileged Material, the receiving party shall not review the disclosed

Privileged Material; shall return, delete, or destroy all copies of the disclosed Privileged

Material; and shall make no further use of such Privileged Material.  The parties agree that this

Order shall be interpreted to provide the maximum protection allowed by Federal Rule of

Evidence 502(d).

      **12.**    Nothing contained in this Order and no action taken pursuant to it shall prejudice

the right of any party to contest the alleged relevancy, admissibility, or discoverability of

confidential documents and information sought.

BY THE COURT:

DATED:  June 26, 2020
SO AGREED AND STIPULATED TO:

| | |
|---|---|
| /s/ Robert E. Goodman | /s/ Lynn A. Kappelman |
| Jonathan J. Margolis (BBO No. 319980) | Lynn A. Kappelman (BBO No. 642017) |
| jmargolis@theemploymentlawyers.com | lkappelman@seyfarth.com |
| Powers, Jodoin, Margolis & Mantell LLP | Emily J. Miller (BBO No. 705662) |
| 111 Devonshire Street | emmiller@seyfarth.com |
| Boston, MA 02109 | SEYFARTH SHAW LLP |
| TEL: 617-742-7010 ext. 203 | Two Seaport Lane, Suite 300 |
| FAX: 617-742-7225 | Boston, MA 02210-2028 |
| | TEL: 617-946-4800 |
| Robert E. Goodman, Jr. (BBO No. 549175) | FAX: 617-946-4801 |
| reg@kilgorelaw.com | |
| Kilgore & Kilgore, PLLC | COUNSEL FOR DEFENDANT |
| 3109 Carlisle Street | |
| Dallas, TX 75204 | |
| TEL: 214-379-0823 | |
| FAX: 214-379-0840 | |

COUNSEL FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that, on June 26, 2020, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

       */s/ Emily J. Miller*
       Emily J. Miller

64524015v.2

**Exhibit A**

**Acknowledgment of Stipulated Confidentiality Protective Order**

I have received a copy of the Stipulated Confidentiality Protective Order in the action entitled *Forsythe v. Wayfair*, Civil Action No. 1:20-cv-10002, pending in the United States District Court for the District of Massachusetts. I have carefully read and understand the provisions of the Stipulated Confidentiality Protective Order.

I agree to comply with all provisions of the Stipulated Confidentiality Protective Order.

I agree to not divulge to persons other than those specifically authorized by the Stipulated Confidentiality Protective Order, and will not use, copy, distribute or disclose, except solely for purposes of this litigation, any confidential document or information except as provided herein.

I agree to return all documents containing confidential information to the attorneys who presented this Acknowledgment to me within sixty (60) days after the final conclusion of this litigation whether by dismissal, final judgment by a tribunal of final jurisdiction, (i.e. the Court of Appeals), or settlement, or sooner if so requested.

Signature: _____

Printed Full Name: _____

Date: _____

7

64524015v.2