# Exhibit 50

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EMILY FORSYTHE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:20-cv-10002 |
| | § | |
| WAYFAIR, LLC | § | |
| | § | |
| Defendant. | § | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S
REQUEST FOR ADMISSION

Plaintiff Emily Forsythe submits her objections and response to Defendant's First Request for Admission as follows:

**REQUEST FOR ADMISSION NO. 1:**

The transcript prepared by Veritext Legal Solutions, appended as Attachment A, is a true and accurate transcription of the recording of the September 19, 2019 phone call between Plaintiff and Trevor Shaffer-Figueroa that Plaintiff produced as PLAINTIFF 000084.

**RESPONSE:**

Admit.

                                            Respectfully submitted,

                                            /s/ Jonathan J. Margolis
                                            Jonathan J. Margolis
                                            BBO# 319980
                                            jmargolis@theemploymentlawyers.com
                                            Powers, Jodoin, Margolis & Mantell LLP
                                            111 Devonshire Street
                                            Boston, MA 02109
                                            (617) 742-7010 ext. 203
                                            (617) 742-7225 (fax)

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
BBO # 549175
Texas State BarNo. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
214-379-0823
214-379-0840 (telecopy)

COUNSEL FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by email upon Defendant's counsel of record on October 17, 2020 as follows:

By Email: lkappelman@seyfarth.com

Lynn A. Kappelman
SeyFarth Shaw LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210-2028

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.

# Attachment A

Page 1

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12   TAB 14 - PLAINTIFF 000084 -
13   Audio_09_19_2019_15_54_45
14   Civil Action No. 1:20-cv-10002
15   September 19, 2019
16
17
18
19
20
21
22
23
24
25
```

Page 2

1  TREVOR SHAFFER-FIGUEROA: This is
2  Trevor.
3  EMILY FORSYTHE: Hey, Trevor. It's
4  Emily.
5  TREVOR SHAFFER-FIGUEROA: Hey, Emily,
6  how...
7  EMILY FORSYTHE: I'm okay. How are
8  you?
9  TREVOR SHAFFER-FIGUEROA: I am going
10 well. Thank you. So I was able to have the
11 conversations that I needed to have. I just
12 wanted to circle back and address your concerns
13 that there was some form of retaliation occurring
14 and that Cory had indicated to you that he didn't
15 want you on his team.
16     So in order to establish some form of
17 retaliation, I would have to establish some kind
18 of link between Cory and his conduct and the
19 report that you had made, and based on my
20 conversations and the available evidence, I'm not
21 able to establish any kind of link or connection
22 between the two, so I can't substantiate that any
23 kind of retaliation was taking place.
24     I do feel and have -- and will be
25 making a recommendation that there needs to be

Page 3

1  conversation so that we can clearly identify what
2  is it that Cory is trying to express to you and
3  what are you trying to express to Cory as far as
4  mutual expectation and some of the concerns about
5  communication.
6     So my recommendation is going to be
7  that Matt actually set up a meeting between the
8  three of you to have that conversation and
9  establish what that looks like moving forward.
10     EMILY FORSYTHE: Okay.
11     TREVOR SHAFFER-FIGUEROA: The -- and I
12 won't get into, like, the -- who said which part
13 of what and how it all came across.
14     What I was able to ascertain is that
15 Cory has shared that his intention was not to
16 convey to you that he doesn't want you on his
17 team; that he was trying to convey to you that
18 the way things are working between the two of
19 you, the way that you're communicating with him
20 and apparently him with you, that it's not
21 working; that something is fractured or broken;
22 and that that relationship needs to be pieced
23 back together so that you guys can communicate
24 effectively with each other.
25     And so that's part of what leads me to

Page 4

1  make this recommendation and then just kind of
2  based on the information that you shared and what
3  I was able to gather from my conversations with
4  him. I think it's best if I make the
5  recommendation that that conversation is sort of
6  level setting and expectation setting occur
7  between the three of you. That's going to be my
8  recommendation moving forward.
9      EMILY FORSYTHE: Yeah, I think I
10 appreciate that, the time it took for you to get
11 that information, Trevor, and I think where I'm
12 coming from and you know, I think there really is
13 only one way to interpret Cory saying, "I've
14 talked to Matt in HR and I want you off my team,"
15 so I don't think -- I don't think I can
16 misinterpret that. He was very clear, and then,
17 you know, today, he came in.
18     He didn't even talk to me. He didn't
19 even look at me. He engaged with the other two
20 members on my team, and I really feel that he's
21 creating this hostile work environment and it's
22 really escalating and I think -- you had asked me
23 what would -- what I would think would be
24 appropriate next steps. I would be very
25 interesting in having you talk to Candice and

Page 5

1  your team and putting together a compelling
2  severance package.
3      I would really be interested in
4  pursuing that, because Cory wants me off his
5  team, for one reason or another. He's creating
6  this hostile, tense work environment and I know
7  he's already looking to fill other people. The
8  first day I met him, he said, "I'm going to bring
9  people on," and for whatever reason, whether he
10 didn't like me from day one, I have no idea. Or
11 my personal belief, it is retaliation from my
12 sexual harassment claim. But I think that would
13 be the best path forward for me.
14     TREVOR SHAFFER-FIGUEROA: And
15 obviously, I can't commit anything now or even
16 talk about whether that's even an option, but I
17 can certainly present your request. What does
18 "compelling" mean?
19     EMILY FORSYTHE: You guys start, and
20 then I'll have my lawyer work with you at that
21 point.
22     TREVOR SHAFFER-FIGUEROA: I can
23 certainly bring that request forward. Obviously,
24 I can't make any promises. That would just be
25 something that I could share that this is being

Page 6

1 sought and requested and kind of see where things
2 go from there. The -- I will say that when it
3 comes to the comments about Cory saying that he
4 has already talked to Matt in HR, that's not what
5 was shared, that HR has already been included.
6     What was shared was that we wanted to
7 sit down with HR, and that was actually in your
8 recap to him, so the -- that we had already had
9 that conversation was not reflected either in
10 your account or his.
11     EMILY FORSYTHE: Right, and, you know,
12 either way, Trevor, he shouldn't be threatening
13 me with that. I don't appreciate that. It's
14 very hostile and uncomfortable.
15     TREVOR SHAFFER-FIGUEROA: So you
16 perceive a request to sit down with HR as
17 threatening?
18     EMILY FORSYTHE: That's not how he said
19 it.
20     TREVOR SHAFFER-FIGUEROA: Okay. Okay.
21 I didn't want to deliver that. I just wanted to
22 get an understanding --
23     EMILY FORSYTHE: Sure.
24     TREVOR SHAFFER-FIGUEROA: So I
25 understand.

Page 7

1     EMILY FORSYTHE: Yep.
2     TREVOR SHAFFER-FIGUEROA: Okay. Well,
3 I will certainly present that and if I have
4 additional information or as soon as I have
5 additional information, I can provide it to you,
6 but as far as the -- you know, the investigation
7 piece, I've concluded that but I will certainly
8 bring this forward and provide information as
9 soon as I have it for you.
10     EMILY FORSYTHE: Sounds good. I
11 appreciate it.
12     TREVOR SHAFFER-FIGUEROA: Sure.
13 Thanks, Emily.
14     EMILY FORSYTHE: Bye.
15     TREVOR SHAFFER-FIGUEROA: Bye bye.
16
17
18
19
20
21
22
23
24
25

Page 8

1     C E R T I F I C A T I O N
2
3 I, Sonya Ledanski Hyde, certify that the
4 foregoing transcript is a true and accurate
5 record of the proceedings.
6
7
8
9 _____
10
11 Veritext Legal Solutions
12 330 Old Country Road
13 Suite 300
14 Mineola, NY 11501
15
16 Date: September 16, 2020
17
18
19
20
21
22
23
24
25

3 (Pages 6 - 8)

**[000084 - ledanski]**  Page 1

| 0 | b | country 8:12 | forward 3:9 4:8 |
|---|---|---|---|
| **000084** 1:12 | **back** 2:12 3:23 | **creating** 4:21 5:5 | 5:13,23 7:8 |
| **09** 1:13 | **based** 2:19 4:2 | **cv** 1:14 | **fractured** 3:21 |
| **1** | **belief** 5:11 | **d** | **g** |
| **10002** 1:14 | **best** 4:4 5:13 | **date** 8:16 | **gather** 4:3 |
| **11501** 8:14 | **bring** 5:8,23 7:8 | **day** 5:8,10 | **go** 6:2 |
| **14** 1:12 | **broken** 3:21 | **deliver** 6:21 | **going** 2:9 3:6 4:7 |
| **15** 1:13 | **bye** 7:14,15,15 | **e** | 5:8 |
| **16** 8:16 | **c** | **e** 8:1 | **good** 7:10 |
| **19** 1:13,15 | **c** 8:1,1 | **effectively** 3:24 | **guys** 3:23 5:19 |
| **1:20** 1:14 | **candice** 4:25 | **either** 6:9,12 | **h** |
| **2** | **certainly** 5:17,23 | **emily** 2:3,4,5,7 | **harassment** 5:12 |
| **2019** 1:13,15 | 7:3,7 | 3:10 4:9 5:19 6:11 | **hey** 2:3,5 |
| **2020** 8:16 | **certify** 8:3 | 6:18,23 7:1,10,13 | **hostile** 4:21 5:6 |
| **3** | **circle** 2:12 | 7:14 | 6:14 |
| **300** 8:13 | **civil** 1:14 | **engaged** 4:19 | **hr** 4:14 6:4,5,7,16 |
| **330** 8:12 | **claim** 5:12 | **environment** 4:21 | **hyde** 8:3 |
| **4** | **clear** 4:16 | 5:6 | **i** |
| **45** 1:13 | **clearly** 3:1 | **escalating** 4:22 | **idea** 5:10 |
| **5** | **comes** 6:3 | **establish** 2:16,17 | **identify** 3:1 |
| **54** 1:13 | **coming** 4:12 | 2:21 3:9 | **included** 6:5 |
| **a** | **comments** 6:3 | **evidence** 2:20 | **indicated** 2:14 |
| **able** 2:10,21 3:14 | **commit** 5:15 | **expectation** 3:4 | **information** 4:2 |
| 4:3 | **communicate** 3:23 | 4:6 | 4:11 7:4,5,8 |
| **account** 6:10 | **communicating** | **express** 3:2,3 | **intention** 3:15 |
| **accurate** 8:4 | 3:19 | **f** | **interested** 5:3 |
| **action** 1:14 | **communication** | **f** 8:1 | **interesting** 4:25 |
| **additional** 7:4,5 | 3:5 | **far** 3:3 7:6 | **interpret** 4:13 |
| **address** 2:12 | **compelling** 5:1,18 | **feel** 2:24 4:20 | **investigation** 7:6 |
| **apparently** 3:20 | **concerns** 2:12 3:4 | **figueroa** 2:1,5,9 | **k** |
| **appreciate** 4:10 | **concluded** 7:7 | 3:11 5:14,22 6:15 | **kind** 2:17,21,23 |
| 6:13 7:11 | **conduct** 2:18 | 6:20,24 7:2,12,15 | 4:1 6:1 |
| **appropriate** 4:24 | **connection** 2:21 | **fill** 5:7 | **know** 4:12,17 5:6 |
| **ascertain** 3:14 | **conversation** 3:1,8 | **first** 5:8 | 6:11 7:6 |
| **asked** 4:22 | 4:5 6:9 | **foregoing** 8:4 | **l** |
| **audio** 1:13 | **conversations** | **form** 2:13,16 | **lawyer** 5:20 |
| **available** 2:20 | 2:11,20 4:3 | **forsythe** 2:3,7 | **leads** 3:25 |
| | **convey** 3:16,17 | 3:10 4:9 5:19 6:11 | **ledanski** 8:3 |
| | **cory** 2:14,18 3:2,3 | 6:18,23 7:1,10,14 | |
| | 3:15 4:13 5:4 6:3 | | |

**legal** 8:11
**level** 4:6
**link** 2:18,21
**look** 4:19
**looking** 5:7
**looks** 3:9

**m**

**making** 2:25
**matt** 3:7 4:14 6:4
**mean** 5:18
**meeting** 3:7
**members** 4:20
**met** 5:8
**mineola** 8:14
**misinterpret** 4:16
**moving** 3:9 4:8
**mutual** 3:4

**n**

**n** 8:1
**needed** 2:11
**needs** 2:25 3:22
**ny** 8:14

**o**

**o** 8:1
**obviously** 5:15,23
**occur** 4:6
**occurring** 2:13
**okay** 2:7 3:10 6:20 6:20 7:2
**old** 8:12
**option** 5:16
**order** 2:16

**p**

**package** 5:2
**part** 3:12,25
**path** 5:13
**people** 5:7,9
**perceive** 6:16

**personal** 5:11
**piece** 7:7
**pieced** 3:22
**place** 2:23
**plaintiff** 1:12
**point** 5:21
**present** 5:17 7:3
**proceedings** 8:5
**promises** 5:24
**provide** 7:5,8
**pursuing** 5:4
**putting** 5:1

**r**

**r** 8:1
**really** 4:12,20,22 5:3
**reason** 5:5,9
**recap** 6:8
**recommendation** 2:25 3:6 4:1,5,8
**record** 8:5
**reflected** 6:9
**relationship** 3:22
**report** 2:19
**request** 5:17,23 6:16
**requested** 6:1
**retaliation** 2:13,17 2:23 5:11
**right** 6:11
**road** 8:12

**s**

**saying** 4:13 6:3
**see** 6:1
**september** 1:15 8:16
**set** 3:7
**setting** 4:6,6
**severance** 5:2

**sexual** 5:12
**shaffer** 2:1,5,9 3:11 5:14,22 6:15 6:20,24 7:2,12,15
**share** 5:25
**shared** 3:15 4:2 6:5,6
**sit** 6:7,16
**solutions** 8:11
**sonya** 8:3
**soon** 7:4,9
**sort** 4:5
**sought** 6:1
**sounds** 7:10
**start** 5:19
**steps** 4:24
**substantiate** 2:22
**suite** 8:13
**sure** 6:23 7:12

**t**

**t** 8:1,1
**tab** 1:12
**talk** 4:18,25 5:16
**talked** 4:14 6:4
**team** 2:15 3:17 4:14,20 5:1,5
**tense** 5:6
**thank** 2:10
**thanks** 7:13
**things** 3:18 6:1
**think** 4:4,9,11,12 4:15,15,22,23 5:12
**threatening** 6:12 6:17
**three** 3:8 4:7
**time** 4:10
**today** 4:17
**transcript** 8:4
**trevor** 2:1,2,3,5,9 3:11 4:11 5:14,22 6:12,15,20,24 7:2

7:12,15
**true** 8:4
**trying** 3:2,3,17
**two** 2:22 3:18 4:19

**u**

**uncomfortable** 6:14
**understand** 6:25
**understanding** 6:22

**v**

**veritext** 8:11

**w**

**want** 2:15 3:16 4:14 6:21
**wanted** 2:12 6:6 6:21
**wants** 5:4
**way** 3:18,19 4:13 6:12
**work** 4:21 5:6,20
**working** 3:18,21

**y**

**yeah** 4:9
**yep** 7:1