UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EMILY FORSYTHE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:20-cv-10002 |
| WAYFAIR, LLC | ) ) ) | |
| Defendant. | ) ) | |

## BILL OF COSTS

Pursuant to 28 U.S.C. § 1920 and Rule 54(d)(1) of the Federal Rules of Civil Procedure, Wayfair, LLC ("Defendant" or "Wayfair") submits this Bill of Costs.

### Introduction

On January 12, 2021, the Court granted summary judgment in favor of Defendant on all claims brought by Plaintiff Emily Forsythe ("Plaintiff" or "Forsythe") and entered judgment for Wayfair. (ECF 35-36). Defendant is entitled to recover costs in this matter because it prevailed on all claims. Fed. R. Civ. P. 54(d)(1). *See Sharp v. Hylas Yachts, Inc.,* 2016 WL 10654435, at *1 (D. Mass. June 14, 2016) ("There is a background presumption [under Rule 54(d)] favoring cost recovery for prevailing parties…"). Defendant seeks to recover $6,656.55 in costs pursuant to 28 U.S.C. § 1920.[1]

---

[1] 28 U.S.C. § 1920 provides: "A judge or clerk of any court of the United States may tax as costs the following:
   (1) Fees of the clerk and marshal;
   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
   (3) Fees and disbursements for printing and witnesses;
   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
   (5) Docket fees under section 1923 of this title;
   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.  A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**Deposition Transcripts**

Defendant seeks $6,656.55 for deposition transcript fees related to the depositions of the Plaintiff as well as the seven witnesses whose depositions Plaintiff noticed (*see* Bill of Costs form, Itemization, and invoices, attached hereto).[2] Defendant relied upon all of these depositions in briefing its successful motion for summary judgment. These expenses are therefore recoverable pursuant to 28 U.S.C. § 1920(2). *See Trustees of Bos. Univ. v. Everlight Elecs. Co.*, 392 F. Supp. 3d 120, 136 (D. Mass. 2019), reconsideration denied, No. CV 12-11935-PBS, 2020 WL 1429853 (D. Mass. Mar. 24, 2020) (awarding Rule 54 costs for deposition transcripts cited in Defendants' motion for summary judgment, noting "The costs for these transcripts are also recoverable.") (citing *Keurig, Inc. v. JBR, Inc.*, No. CIV. 11-11941-FDS, 2014 WL 2155083, at *3 (D. Mass. May 21, 2014)).

WHEREFORE, Defendant respectfully requests that the Court award it $6,656.55 in costs.

Dated: January 22, 2021

Respectfully submitted,

WAYFAIR, LLC

By its attorney,

*/s/ Lynn A. Kappelman*
Lynn A. Kappelman (BBO No. 642017)
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Fax:         (617) 946-4801
lkappelman@seyfarth.com

---

[2] For health and safety reasons, due to the COVID-19 pandemic, all of the depositions took place remotely over Zoom or a similar platform. Defendant seeks costs for the written transcripts of those depositions, which Defendant relied upon in its motion for summary judgment, but not for the costs of videotaping Plaintiff's deposition ($2,243.00). *See Martin v. Cape Fear, Inc.*, No. C.A. 99-10944-GAO, 2004 WL 964187, at *4 (D. Mass. May 4, 2004) (allowing costs for written transcripts of depositions but not costs for videotaping those same depositions).

2

## CERTIFICATE OF SERVICE

    I hereby certify that, on January 22, 2021, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

    */s/ Lynn A. Kappelman*
    Lynn A. Kappelman